UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZACKLIFT INTERNATIONAL, INC., a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROGER D. KOOMIA, d.b.a., TRIPLE K INDUSTRIES,<br><br>　　　　　　Defendant. | No. CV-08-3025-FVS<br><br>ORDER GRANTING MOTION TO TRANSFER VENUE |

**THIS MATTER** came before the Court on the parties' joint request for an order transferring venue to the United States District Court for the District of South Dakota, Southern Division. (Ct. Rec. 21). Plaintiff is represented by Brian G. Bodine and Brian N. Platt. Defendant is represented by Christine Lebron-Dykeman and John Christopher Lynch.

**BACKGROUND**

On April 1, 2001, Defendant brought suit against Plaintiff for infringement of certain patents in the United States District Court for the District of South Dakota, Southern Division. The patents related to a fifth-wheel towing device. Plaintiff made a "Fifth-Wheeler" for which Defendant claimed infringement of claims.

Pursuant to a Settlement Agreement executed by the parties on December 23, 2002, the United States District Court for the District

ORDER GRANTING MOTION TO TRANSFER VENUE - 1

of South Dakota, Southern Division, entered a Consent Order which, among other items, indicated that the South Dakota Court retained exclusive jurisdiction to enforce the Consent Order and Settlement Agreement.

In 2008, Plaintiff began selling a new Fifth-Wheeler which Defendant believes to be an infringement of its patents and in violation of the terms of the Settlement Agreement and Consent Order. (Ct. Rec. 10). Defendant contacted Plaintiff indicating its belief that the new design was in violation. Thereafter, Plaintiff initiated the instant action, in this Court, seeking a declaration that its new Fifth-Wheeler design does not infringe Defendant's patents.

On September 19, 2008, Defendant moved to either dismiss the complaint or to transfer venue to the United States District Court for the District of South Dakota, Southern Division. (Ct. Rec. 9). Defendant argues in its motion to dismiss that because any final determination of the current dispute requires an interpretation of the terms of the 2002 Settlement Agreement and the 2003 Consent Order and because under the terms of the Settlement Agreement and Consent Order, the South Dakota Court retains exclusive jurisdiction for enforcement, this action should be transferred to the South Dakota Court. (Ct. Rec. 10).

The parties have now jointly moved the Court to transfer the action to the United States District Court for the District of South Dakota, Southern Division, and to dismiss, without prejudice, Defendant's motion to dismiss. (Ct. Rec. 21).

///

ORDER GRANTING MOTION TO TRANSFER VENUE - 2

**DISCUSSION**

**I. LEGAL STANDARD**

A district court may transfer venue of any civil case to another district court where the action could have been brought "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406(a) is predicated upon whether or not venue is "improper" in the forum in which the case was brought. *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003). In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. *See,* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

**II. SECTION 1406(a)**

As noted by Defendant, pursuant to a Settlement Agreement between the parties executed on December 23, 2002, the United States District Court for the District of South Dakota, Southern Division, entered a Consent Order which ordered that the South Dakota Court retained exclusive jurisdiction to enforce the Consent Order and Settlement Agreement. (Ct. Rec. 10). In 2008, Plaintiff began selling a new Fifth-Wheeler which Defendant believes to be an infringement of its patents and in violation of the terms of the Settlement Agreement and Consent Order. Defendant contacted Plaintiff indicating this belief, and, thereafter, Plaintiff initiated the instant action seeking

ORDER GRANTING MOTION TO TRANSFER VENUE - 3

declaratory relief.  Based on the foregoing, Plaintiff's case should have been filed in the Southern Division of South Dakota.  As noted above, in the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district.  *See* 28 U.S.C. § 1406(a); *Starnes*, 512 F.2d at 932 (D.C. Cir. 1974).  Based on the parties' stipulation, it is apparent that the parties agree that the interests of justice require the transfer of venue.  The stipulation of the parties evidences their agreement that the proper venue is the Southern Division of South Dakota.

   The Court finds that the requested transfer of venue is appropriate under Section 1406(a).  Accordingly,

   **IT IS HEREBY ORDERED:**

   1. Defendant's Motion to Dismiss or in the Alternative to Transfer (**Ct. Rec. 9**) is **dismissed without prejudice** to Defendant's filing a motion to dismiss in the Southern Division of South Dakota.

   2. Venue of this action is **TRANSFERRED** to the United States District Court for the District of South Dakota, Southern Division.

   3. Each party shall bear its own costs and attorneys' fees in this matter.

   **IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, furnish copies to counsel and **close the file**.

   **DATED** this ___6th___ day of October, 2008.

                              S/Fred Van Sickle
                              Fred Van Sickle
                     Senior United States District Judge

ORDER GRANTING MOTION TO TRANSFER VENUE - 4