UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
JUL 01 2009
CLERK

******************************************************************************
| | | |
|---|---|---|
| ZACKLIFT INTERNATIONAL, INC., a Washington corporation, | * * * | CIV 08-4161 |
| Plaintiff, | * * | MEMORANDUM OPINION AND ORDER DENYING |
| -vs- | * * | MOTION TO DISMISS |
| ROGER D. KOOIMA, d/b/a TRIPLE K INDUSTRIES, | * * * | |
| Defendant. | * * | |

******************************************************************************

Pending before the Court is Defendant's Motion to Dismiss, doc. 43. For the following reasons, the motion will be denied.

## BACKGROUND

Defendant Roger D. Kooima, d/b/a Triple K Industries ("Kooima") owns two patents on systems he invented for attaching a towing apparatus to a road tractor, U.S. Patent No. 5,823,735 ("the '735 patent") and U.S. Patent No. 6,036,428 ("the '428 patent"). The patented devices allow a semi, absent its trailer, to be hooked up with a tow under-lift in order to tow vehicles. Plaintiff Zacklift International, Inc, ("Zacklift") manufactures and sells Fifth-Wheel truck lifts. In 2001, Kooima brought a patent infringement action against Zacklift asserting that the Zacklift "Fifth Wheeler" truck lifts infringed numerous claims in both of his patents. *See* CIV 01-4078. Before the Court ruled on the motions for summary judgment, the parties settled the case and filed a Stipulation for Entry of Order and Decree on December 23, 2002. The stipulated Order and Decree acknowledged that Kooima's patents were not invalid, admitted that the Zacklift Fifth Wheeler infringed on the patents, and enjoined Zacklift from manufacturing and selling any product embodying the inventions of Kooima's patents, including the Zacklift Fifth Wheeler. The parties did not explain what claims of the patent were infringed, or what the specific infringements were.

In 2008, Zacklift redesigned its Fifth Wheeler. Kooima informed Zacklift that the new Fifth Wheeler infringed on his patents. Zacklift disagreed and filed this declaratory judgment action in federal district court in the State of Washington, seeking a declaration that the re-designed Zacklift Fifth Wheeler does not infringe on the Kooima patents. The district court in Washington transferred Zacklift's declaratory judgment action to this Court. Kooima filed a motion in CIV 01-4078 seeking to hold Zacklift in contempt of the Order and Decree entered in the 2001 lawsuit. Kooima has moved to dismiss this transferred declaratory judgment action.

## DISCUSSION

Kooima argues that it is more appropriate to decide the infringement issues between the parties in contempt proceedings in CIV 01-4078. Zacklift agrees that this Court retained exclusive jurisdiction to enforce the Consent Order and Settlement Agreement in the 2001 lawsuit, but Zacklift asserts that the infringement issues should be decided in this 2008 lawsuit because these are new products with new designs that were not at issue in CIV 01-4078.

"An enjoined party is entitled to design around the claims of a patent owner without the threat of contempt proceedings with respect to every modified device although he bears the risk that the enjoining court may find changes to be too insubstantial to avoid contempt." *KSM Fastening Sys., Inc. v. H.A. Jones Co.*, 776 F.2d 1522, 1526 (Fed. Cir. 1985). "[C]ontempt is a shield protecting the patentee against an infringer's flagrant disregard for court orders ... not a sword for wounding a former infringer who has made a good-faith effort to modify a previously adjudged or admitted infringing device to remain in the marketplace." *Arbek Mfg., Inc. v. Moazzam*, 55 F.3d 1567, 1570 (Fed. Cir. 1995). Given the severity of the remedy and the summary nature of contempt proceedings, courts have been cautious about using their contempt powers in patent cases where "the patent owner seeks to enforce an injunction against an enjoined infringer by reason of a manufacture which was not the subject of the original litigation." *KSM*, 776 F.2d at 1525. Full litigation of infringement issues seems even more appropriate in a redesign situation such as this where the parties settled the original case without specifying or agreeing how the device infringed on the claims of the patents. *See id.* at 1532 (requiring disputed issues to be tried through full litigation rather than summary proceedings eliminates due process concerns for the defendant accused of violating an injunction).

2

This Court has issued a Memorandum Opinion and Order in CIV 01-4078, finding that contempt proceedings are not appropriate for deciding the infringement issues in this case because the newly designed Fifth Wheeler is more than colorably different from the infringing device. For the same reasons stated in that opinion, the Court will deny Kooima's motion to dismiss this declaratory judgment action, and the parties may pursue their respective claims through full litigation in this lawsuit. The Court's Memorandum Opinion and Order Regarding Contempt issued in CIV 01-4078 is incorporated into this opinion by this reference. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss, Doc. 43, is denied.

Dated this 30th day of June, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Colleen Schultz*
DEPUTY
(SEAL)